UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ANNA CATHERINE STEVENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   4:11-cv-116-WGH-RLY |
| | ) |
| WALGREEN CO., | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge,[1] on Defendant's Motion for Judgment on the Pleadings filed January 3, 2012. (Docket Nos 25-26). Plaintiff filed a Response on January 13, 2012 (Docket No. 33), and Defendant filed its Brief in Reply on January 19, 2012 (Docket No. 34).

**I.   Discussion**

Plaintiff, Anna Catherine Stevens, brought this action alleging that she sustained injuries as a result of a fall that occurred at one of Defendant Walgreen Co.'s stores located in Louisville, Kentucky. Defendant filed its Motion for Judgment on the Pleadings invoking the Due Process Clause of the Fourteenth

---

[1] On April 6, 2012, the parties filed a Case Management Plan in which they consented to Magistrate Judge jurisdiction. (Docket No. 35). Chief U.S. District Judge Richard L. Young entered an Order of Reference on April 12, 2012. (Docket No. 36).

Amendment. Defendant argues that the court should decline to exercise jurisdiction in this case because: (1) Defendant is an Illinois corporation; (2) Plaintiff is a Kentucky resident; (3) the alleged incident at issue in this case occurred in Kentucky; and (4) Indiana is so unrelated to this lawsuit that exercising jurisdiction under the circumstances of this case would be so unreasonable that it would offend "traditional notions of fair play and substantial justice." Having reviewed the relevant legal authorities and the arguments of the parties, the Magistrate Judge concludes that Defendant's Motion for Judgment on the Pleadings must be **GRANTED.**

### A.     Defendant's motion for judgment on the pleadings

The question presented in Defendant's Motion for Judgment on the Pleadings is whether or not this court has personal jurisdiction over Defendant. "In determining what constitutes sufficient contact with a state to allow a court to exercise personal jurisdiction, a court must examine the facts and circumstances on a case by case basis." *Protective Ins. Co. v. Cody*, 882 F.Supp. 782, 783 (S.D. Ind. 1995). When a defendant moves to dismiss a complaint alleging a lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that personal jurisdiction does, in fact, exist. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

### B.     Requirements for personal jurisdiction in Indiana

"A district court sitting in diversity has personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would have

jurisdiction." *Purdue Research*, 338 F.3d at 782.  Determining whether an Indiana court has jurisdiction over a nonresident defendant would normally entail two inquiries:  (1) Does Rule 4.4(A) of the Indiana Rules of Trial Procedure (Indiana's Long-Arm Statute) subject the nonresident defendant to in personam jurisdiction?; and (2) Does the exercise of personal jurisdiction over the nonresident comport with federal due process?  *Id*.  However, Trial Rule 4.4(A) was amended in 2003, and the two-step inquiry has now been collapsed into one single determination:  whether the exercise of personal jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment.  *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006).

In conducting the due process analysis, the Supreme Court has held that a nonresident defendant must "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)(quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)).  The Supreme Court has described the necessary "minimum contacts" as "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).  "[The] purposeful availment requirement ensures that a defendant will not be haled [sic] into a jurisdiction solely as a result of

random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528  (1985)(internal quotations and citations omitted).

### C. Does this court have general or specific jurisdiction?

In determining whether significant minimum contacts exist, the Supreme Court has distinguished the following two types of personal jurisdiction:  general and specific.  *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414–416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).  General jurisdiction exists where the defendant has "continuous and systematic" contacts with the forum state.  *Id.* at 416; *see also Hyatt Intern. Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002).  When such continuous and systematic contacts are present, "the court may exercise personal jurisdiction over the defendant even in cases that do not arise out of and are not related to the defendant's forum contacts."  *Hyatt Intern.*, 302 F.3d at 713. Conversely, specific jurisdiction "exists for controversies that arise out of or are related to the defendant's forum contacts."  *Id.*  In this instance, specific jurisdiction is clearly lacking, because this suit arose out of a slip and fall at one of Defendant's Kentucky stores and it is, therefore, not related to any of Defendant's contacts with Indiana.  Hence, if personal jurisdiction exists in this case, it must be based on general personal jurisdiction.

While specific jurisdiction may be based on a defendant's single contact with the forum state, the constitutional requirement for a court to exercise general personal jurisdiction over a defendant is "considerably more stringent." *Purdue*

*Research*, 338 F.3d at 787.  The minimum contacts "must be so extensive to be tantamount to [a defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in an Indiana court in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world." *Id.*(emphasis in original).  Contacts that may establish such constructive presence include:  having offices or sales in the forum state; being licensed to do business in the state; owning real estate in the forum state; and having employees in that state.  *Lancer Ins. Co. v. Landers Explosives, Inc.*, 2008 WL 3819850 at *4 (S.D. Ind. 2008)(internal citations omitted).

Defendant has conceded, for the purposes of its Motion for Judgment on the Pleadings, that general personal jurisdiction exists in this case.  (Brief in Support of Motion for Judgment on Pleadings at 4).  Given the prevalence of Walgreen's stores in Indiana, it is likely that Defendant would have been hard pressed to contest the existence of general personal jurisdiction in this instance.  Therefore, the court concludes that, for the purposes of this motion, significant minimum contacts exist between Defendant and Indiana for the court to exercise general personal jurisdiction.

    **D.**    **Exercising personal jurisdiction must also comport with fair play and substantial justice**

Once the court has determined that there exist significant minimum contacts with the forum state, "these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" *Burger King*, 471

U.S. at 474.  However, it is important to note that the burden shifts to the defendant once a plaintiff has demonstrated sufficient minimum contacts, and a defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 475.  A defendant attempting to demonstrate that exercising personal jurisdiction would offend due process, even though there are sufficient minimum contacts, bears a heavy burden as "these cases are limited to the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation with the forum." *Aero Industries, Inc. v. DeMonte Fabricating, Ltd.*, 396 F.Supp.2d 961, 966 n.3 (S.D. Ind. 2005)(quoting *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1568 (Fed. Cir.1994)).

Five factors must be considered in determining if the exercise of personal jurisdiction comports with fair play and substantial justice, including:  (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Burger King*, 471 U.S. at 477 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).  When examining these five factors, it is important to recognize that most of these considerations can usually be accommodated by

means short of finding jurisdiction to be "unreasonable." *Burger King*, 471 U.S. at 477. For instance, the forum state's choice of law rules can be used when the forum state's substantive laws would conflict with the social policies of another state. Or, a defendant who claims substantial inconvenience can always move for a change of venue. *Id.*

In this case, these five factors do weigh heavily against Indiana exercising personal jurisdiction over Defendant. The burden on Defendant in this case is perhaps the least consequential of the five factors, but there is still some additional burden on litigating this case in Indiana. Defendant would have a marginally more difficult time bringing witnesses to the courthouse in New Albany, Indiana, instead of in Louisville, Kentucky. As for the forum state's interests, Indiana has absolutely no interest in adjudicating a dispute between a Kentucky plaintiff and an Illinois defendant over an incident that happened in Kentucky. Additionally, litigating in Indiana is likely to provide Plaintiff with less convenient and efficient relief where Plaintiff lives in Kentucky, was injured in Kentucky, and where the witnesses to the incident are presumably from Kentucky. With regard to the "interstate judicial system's interest in obtaining the most efficient resolution of controversies," the Magistrate Judge notes that there could be no more inefficient use of judicial resources than when a lawsuit is brought in a forum completely unrelated to the action. When a plaintiff brings suit in a wholly unrelated forum, the court is inevitably presented with additional controversies that must be resolved, such as disputes over choice of law, personal

jurisdiction issues such as the one in this case, issues of improper venue, and, in some instances, concerns over the court's subpoena power over witnesses. Finally, in examining the "shared interest of the several states in furthering fundamental substantive social policies," the court notes Defendant's allegation that Plaintiff's decision to bring suit in Indiana was an act of forum shopping. In examining Plaintiff's Complaint, it does appear that it is possible that her personal injury claim would be barred in Kentucky pursuant to the one-year statute of limitations in Section 413.140 of the Kentucky Revised Statutes.[2] Avoiding forum shopping is the type of fundamental substantive social policy that the states share an interest in.

In summary, the Magistrate Judge concludes that the issue of whether the court should exercise personal jurisdiction over Defendant must be decided on a "case by case basis," taking into account the particular facts before the court. The applicable legal standard in this case requires that in *addition* to finding that there are sufficient minimum contacts with the state to find general jurisdiction, the court must also consider the five-factor test to determine whether "fair play" and "substantial justice" are served by exercising jurisdiction over a particular

---

[2] In light of the choice of law analysis that this court would apply in this case, this court must apply the substantive laws of Indiana, including Indiana's choice of law rules. See *Tanner v. Jupiter Realty Corp.*, 433 F.3d 913, 915 (7th Cir. 2006). Indiana law provides that, in a tort case such as this, the court will apply the substantive law of the state where the wrong was committed, *Hubbard Mfg. Co., Inc. v. Greeson*, 515 N.E.2d 1071, 1073 (Ind. 1987), which would require the court to apply Kentucky's statute of limitations.

defendant. Based on the facts here presented, Defendant has carried the heavy burden of showing that the court should not exercise jurisdiction in this case.

## II. Conclusion

For the reasons outlined above, Defendant's Motion for Judgment on the Pleading is **GRANTED.** Because the case has not been resolved on its merits, the case is **DISMISSED**, without prejudice, to allow for filing in the appropriate state or federal court.

**SO ORDERED** the 19th day of April, 2012.

*[signature]*
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Donald Reid Forrest
dforrest@sfb-law.com

Jeffrey L. Hansford
BOEHL STOPHER & GRAVES, LLP
jhansford@bsg-in.com

John M. Longmeyer
JOHN LONGMEYER P.S.C.
longmejm@yahoo.com

Tyson Schroeder
BOEHL STOPHER & GRAVES
tschroeder@bsg-in.com